*In re*: **J.W.**

**FILED**

**October 23, 2017**

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**No. 17-0507** (Hampshire County 16-JA-95)

# MEMORANDUM DECISION

Petitioner Mother H.W., by counsel John H. Treadway Jr., appeals the Circuit Court of Hampshire County's April 28, 2017, order terminating her parental rights to J.W.[1] The West Virginia Department of Health and Human Resources ("DHHR"), by counsel Lee Niezgoda, filed a response in support of the circuit court's order. The guardian ad litem ("guardian"), Joyce E. Stewart, filed a response on behalf of the child in support of the circuit court's order. On appeal, petitioner argues that the circuit court erred in denying her motion for post-termination visitation.[2]

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In December of 2016, the DHHR filed a petition alleging abuse and neglect against petitioner. The petition alleged that petitioner failed to correct the conditions of abuse and neglect, which led to her prior involuntary terminations or voluntary relinquishments of parental rights to her five older children. The DHHR alleged that the primary issues which led to petitioner's prior involuntary terminations and voluntary relinquishments were her chronically unfit living conditions, her relationship with the children's substance-abusing father, and her dishonesty and lack of improvement regarding those conditions despite extensive services. Petitioner waived her preliminary hearing.

In March of 2017, the circuit court held an adjudicatory hearing wherein petitioner stipulated to aggravated circumstances. The circuit court found that petitioner had purposely deceived it regarding the parentage of the child, continued a relationship with her ex-husband

---

[1]Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W.Va. 254, 773 S.E.2d 20 (2015); *Melinda H. v. William R. II*, 230 W.Va. 731, 742 S.E.2d 419 (2013); *State v. Brandon B.*, 218 W.Va. 324, 624 S.E.2d 761 (2005); *State v. Edward Charles L.*, 183 W.Va. 641, 398 S.E.2d 123 (1990).

[2]On appeal, petitioner does not raise a specific assignment of error regarding the circuit court's termination of parental rights.

that was adverse to her and the child's best interest, and that the physical conditions of her living environment had not changed from the prior cases and was unfit for habitation. The circuit court also found that the DHHR was not required to make reasonable efforts to provide services for reunification.

In April of 2017, the circuit court held a dispositional hearing wherein it denied petitioner's motion for post-termination visitation and found that there was no evidence that such contact could serve the best interest of the child. The circuit court also found that there was no reasonable likelihood that petitioner could substantially correct the conditions of her chronic abuse and neglect and ultimately terminated her parental rights in its April 28, 2017, order.[3] It is from the dispositional order that petitioner appeals.

The Court has previously established the following standard of review:

> "Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W.Va. 89, 717 S.E.2d 873 (2011). Upon our review, the Court finds no error in the proceedings below.

In her sole assignment of error, petitioner argues that the circuit court erred in terminating her motion for post-termination visitation. In support of her argument, petitioner asserts that she was never able to form a bond with her child because she was not allowed visitation during the proceedings below. This court has previously held that

> "[w]hen parental rights are terminated due to neglect or abuse, the circuit court may nevertheless in appropriate cases consider whether continued visitation or other contact with the abusing parent is in the best interest of the child. Among other things, the circuit court should consider whether a close emotional bond has been established between parent and child and the child's wishes, if he or she is of appropriate maturity to make such request. The evidence must indicate that such

---

[3]Petitioner's parental rights to the child were terminated below. The father of the child voluntarily relinquished his parental rights. According to the guardian and the DHHR, the child is in a foster home with a goal of adoption in that home.

2

visitation or continued contact would not be detrimental to the child's well being and would be in the child's best interest." Syl. Pt. 5, *In re Christina L.*, 194 W.Va. 446, 460 S.E.2d 692 (1995).

Syl. Pt. 11, *In re Daniel D.*, 211 W.Va. 79, 562 S.E.2d 147 (2002). Here, the circuit court found no evidence that post-termination visitation would serve the best interest of the child. The DHHR established that the primary issues that led to petitioner's prior involuntary terminations and voluntary relinquishments were her chronically unfit living conditions, her relationship with the children's substance-abusing father, and her dishonesty and lack of improvement regarding these conditions despite extensive services. Although petitioner did not have visitation with the child during the proceedings to establish a bond with the child, we find the circuit court did not err in denying post-termination visitation when there was no evidence that petitioner had corrected the conditions of abuse and neglect that led to the prior involuntary terminations and voluntary relinquishments of her parental rights to older children. Therefore, petitioner is not entitled to relief in this regard.

For the foregoing reasons, we find no error in the decision of the circuit court, and its April 28, 2017, dispositional order is hereby affirmed.

Affirmed.

**ISSUED**:  October 23, 2017

**CONCURRED IN BY**:

Chief Justice Allen H. Loughry II
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Elizabeth D. Walker